IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY LEWIS,

      Plaintiff,

v.                                        Case No. 19-4112-JWB

COBALT BOATS, LLC,

      Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to dismiss for lack of prosecution. (Doc. 32.) Plaintiff has not responded to the motion. For the reasons stated herein, the motion to dismiss is GRANTED and the action is DISMISSED WITHOUT PREJUDICE.

On November 25, 2019, Plaintiff, represented by counsel, filed a complaint against Defendant alleging employment discrimination in violation of Title VII and 42 U.S.C. § 1981. (Doc. 1.) The parties proceeded with discovery until July 20, 2020, when Plaintiff's counsel filed a motion to withdraw. (Doc. 26.) The motion alleged there was good cause for withdrawal under the rules of professional responsibility (the reason for which could not be disclosed without violating rules of confidentiality) and that counsel had complied with the requirements for withdrawal, including notifying Plaintiff he would henceforth be responsible for complying with all court orders and deadlines. (Doc. 26 at 1.) The motion represented that Plaintiff's current address was 4085 W. Kingsbury St. in Springfield, Missouri, and it also listed an email address for Plaintiff. (*Id.* at 2,3.) The certificate of service stated the motion was served on Plaintiff both by certified mail and by email. A return of service indicated the motion was served upon an

individual at the address provided. (Doc. 27.) Plaintiff filed no response to the motion, which was granted by Chief Magistrate Judge O'Hara on August 2, 2020. (Doc. 28.) The order noted Plaintiff was now personally responsible for complying with all orders and time limits. (*Id.* at 1.) The order was served on Plaintiff by regular and certified mail at the Kingsbury address. (*Id.*) A return of service showed the certified mailing to Plaintiff's address was unclaimed. (Doc. 31.)

On September 21, 2020, Defendant filed a motion to dismiss the action without prejudice for lack of prosecution, which alleges that Defendant failed to attend his deposition despite having been notified of it, failed to cooperate with Defendant in the preparation of a pretrial order, and has otherwise failed to respond to Defendant's attempts to communicate. (Doc. 33.) The motion is supported by exhibits documenting Defendant's efforts to notify Plaintiff and its attempts to obtain a response from Plaintiff. (*Id.*) The motion and accompanying memorandum and exhibits were, according to the certificates of service, served on Plaintiff both by email and by first-class overnight mail. (*Id.* at 2; Doc. 33-1 at 6.)

Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). If the court dismisses the action with prejudice, it is required to apply the factors the Tenth Circuit listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017). If the court dismisses the action without prejudice, it does not need to analyze the factors. *Id*.

The record of the case and the materials submitted by Defendant lead the court to conclude that Plaintiff failed to attend his scheduled deposition despite notice of the deposition having been properly served by Defendant at the address provided by Plaintiff's counsel; that Plaintiff failed to cooperate with Defendant in the preparation of a pretrial order; and that Plaintiff has otherwise

failed to prosecute the action.  Defendant has incurred costs as a result of these failures and is being prejudiced in its ability to defend the claims.  Under the circumstances, the court concludes that a dismissal without prejudice is warranted due to Plaintiff's failure to prosecute the action.

Defendant's motion to dismiss for lack of prosecution (Doc. 32) is hereby GRANTED and the action is DISMISSED WITHOUT PREJUDICE.  IT IS SO ORDERED this 6th day of November, 2020.

                                              _____s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE